JOURNAL ENTRY and OPINION
Defendant-appellant Richard Dalton appeals from his conviction for aggravated drug trafficking. For the reasons below, we affirm the conviction.
In April 1999, the Medina County drug task force performed an undercover operation at Highland High School in Medina. As part of the undercover investigation, agent Jennifer L. Hodge posed as a student at the high school and befriended another student. Hodge asked the student to obtain marijuana for her, so the student introduced her to Dalton.
On April 22, 1999, Dalton sold marijuana to Hodge at a home located across the street from an elementary school in Cuyahoga County. At the time of the purchase, she asked Dalton if he could also sell her LSD and ecstasy.[1] Dalton attempted to contact his suppliers for the other drugs, but was unable to do so.
The undercover investigation continued and Hodge enrolled at Highland High the next school year. In February 2000, Hodge contacted Dalton by telephone seeking drugs. During the conversation, Dalton told Hodge that he was able to obtain three different types of ecstasy and that 100 pills of each type were available at $1,000, $1,150 or $1,350.
Hodge told Dalton that she would purchase $1,000 worth of pills, and agreed to meet him at Westgate Mall at a specified date and time. At the end of their telephone conversation, Dalton asked Hodge if she knew anyone who was interested in purchasing valium or hydro, a street-name for hydroponic marijuana.
Dalton sold pills which he told Hodge were "yellow jackets", a street-name for ecstasy. The lab analysis of the pills established that the pills were not ecstasy and did not contain a controlled substance.
In July 2000, Dalton was indicted on one count of trafficking in marijuana, with a schoolyard specification, and one count of aggravated drug trafficking, with a schoolyard specification. A jury found him guilty of trafficking in marijuana, with a schoolyard specification, and aggravated drug trafficking but not guilty of the schoolyard specification included in the aggravated drug trafficking charge.
Dalton was sentenced to a six-month prison term for the marijuana trafficking offense, a fifth degree felony,[2] and a two-year prison term on the aggravated drug trafficking charge, a second degree felony. The sentences are to run concurrently.
Dalton appealed his conviction for aggravated drug trafficking but assigns no error with respect to his conviction for trafficking in marijuana with a schoolyard specification.
On appeal, Dalton raises the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL WHEN THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AS TO COUNT 2, AGGRAVATED TRAFFICKING.
Dalton argues that the State did not have sufficient evidence to establish all the elements required to convict him of aggravated drug trafficking and the schoolyard specification included in that count.
Despite Dalton's contention, he was not convicted of the schoolyard specification included in the aggravated drug trafficking charge. Thus, our review is limited to whether sufficient evidence exists to support the aggravated drug trafficking charge without the specification.
The concept of sufficiency of evidence is defined in State v.Thompkins (1997), 78 Ohio St.3d 380, 386-87, as follows:
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433 * * * sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two at syllabus.
The statute at issue, R.C. 2925.03, in pertinent part, provides:
 (A) No person shall knowingly do any of the following:
(1) Sell or offer to sell a controlled substance;
* * *
 (C) Whoever violates division (A) of this section is guilty of one of the following:
 (1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marijuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:
* * *
 (a) Except as otherwise provided in division (C)(1)(b), (c), (d), (e) or (f) of this section, aggravated trafficking in drugs is a felony of the fourth degree, and division (C) of section 2929.13
of the Revised Code applies in determining whether to impose a prison term on the offender.
* * *
 (d) Except as otherwise provided in this division, if the amount of the drug involved exceeds five times the bulk amount but does not exceed fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, aggravated trafficking in drugs is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.
Dalton argues that the State failed to prove that he offered to sell a controlled substance because he sold pills containing non-controlled substances, instead of the promised ecstasy. Thus, Dalton claims the State has failed to establish the requisite elements of R.C. 2925.03.
However, the fact that the substance that Dalton sold was not actually controlled is immaterial for purposes of a conviction under R.C.2925.03. State v. Mughni (1987), 33 Ohio St.3d 65, 514 N.E.2d 870, fn. 1, citing State v. Scott (1982), 69 Ohio St.2d 439, 432 N.E.2d 798; Statev. Patterson (1982), 69 Ohio St.2d 445, 432 N.E.2d 802; see also, Statev. Chatman (July 9, 1999), Montgomery App. No. 17481, unreported.
As this court stated in State v. Pouge, (Dec. 18, 1997), Cuyahoga App. No. 72187, unreported:
 To prove a violation of R.C. 2925.03, * * * [i]t must only be shown that the defendant offered to sell a controlled substance, not that a controlled substance was actually sold. State v. Bazzy (1993), 86 Ohio App.3d 546, 621 N.E.2d 604, State v. Patterson (1982), 69 Ohio St.2d 445, 432 N.E.2d 802. It is sufficient that the defendant intended the buyer to believe that the substance being offered was a controlled substance. Id., State v. Milliner (1994), 98 Ohio App.3d 262, 648 N.E.2d 528.
Dalton offered to sell Hodge three different types of ecstasy. In addition, Dalton chose the place of the sale and set the purchase price at $1,000, which confirms that he intended Hodge to believe that the substance to be transferred was ecstasy. See State v. Milliner,98 Ohio App.3d at 266. Thus, through his actions, Dalton knowingly offered to sell ecstasy in violation of R.C. 2925.03. Id.
The facts above establish that the State presented sufficient evidence on each element of the aggravated drug trafficking charge in order to bring the charge to the jury. See Jenks, 61 Ohio St.3d at 259. Therefore, Dalton's challenge of the sufficiency of the evidence is without merit.
Dalton's second and third assignments of error contend that:
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL WHEN THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A FINDING THAT THE DRUG TRANSACTION OCCURRED WITHIN 1,000 FEET OF THE BOUNDARIES OF ANY SCHOOL PREMISES.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL WHEN THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A FINDING THAT THE SCHOOL ALLEGED IN THE SPECIFICATION IN THE INDICTMENT MET THE STATUTORY DEFINITION IN 2925.01 (Q).
Dalton argues that the State presented insufficient evidence to prove that the ecstasy sale took place within 1,000 feet of a school. However, the jury did not find Dalton guilty of the schoolyard specification that was included in the aggravated drug trafficking charge. Therefore, Dalton's second and third assignments of error are overruled as moot. SeeState v. Wilson (2001), Cuyahoga App. No. 78344, unreported, (stating that we cannot afford relief from a non-existent order.)
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] "Ecstasy" is the common name for methylenedioxmethamphetamine, MDMA, a Schedule I controlled substance.
[2] Per R.C. 2925.03(C)(3)(b) trafficking in marijuana with a schoolyard specification is actually a fourth degree felony.